**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4391**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SUSANA ROSALDO-CRUZ, a/k/a Sandra Martinez-Rodriguez,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:22-cr-00348-WO-2)

_____

Submitted:  February 27, 2024                    Decided:  February 29, 2024

_____

Before WILKINSON, WYNN, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**   Mark R. Sigmon, MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC, Raleigh, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Susana Rosaldo-Cruz pled guilty, pursuant to a written plea agreement, to distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). The district court imposed a sentence of 216 months' imprisonment, below the advisory Sentencing Guidelines range. On appeal, Rosaldo-Cruz argues that the sentence is procedurally and substantively unreasonable compared to the sentence of 144 months' imprisonment that her codefendant received. We affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id.* (internal quotation marks omitted). If the sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 51 (2007).

We are satisfied that Rosaldo-Cruz's sentence is procedurally reasonable. The district court properly calculated Rosaldo-Cruz's Guidelines range, adequately considered the § 3553(a) factors, providing a meaningful explanation for the sentence it chose, and sufficiently addressed Rosaldo-Cruz's arguments. *See Gall*, 552 U.S. at 49-51. The court also granted in part her request for a downward variance based on Rosaldo-Cruz's limited

2

criminal history and the need to avoid unwarranted sentence disparities. Accordingly, we discern no procedural error in Rosaldo-Cruz's sentence.

We also conclude that Rosaldo-Cruz has failed to rebut the presumption of substantive reasonableness afforded to her below-Guidelines sentence. While the court found that Rosaldo-Cruz had a similar criminal background to her codefendant, it also found that Rosaldo-Cruz was a substantial part of the drug conspiracy, was responsible for a significantly larger drug weight than that for which she was held responsible, and had made several attempts to minimize her role. The court accordingly found that a sentence of 216 months' imprisonment was sufficient but not greater than necessary given the § 3553(a) factors.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*